IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEWEY CANNELLA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-258 (MTT) |
| LUE REA BOONE | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiffs Dewey Cannella, Alphonse Rispoli, Jr., Louis Sanchez, Bruce Vivadelli, Aron Forem, and Frank Miraglia in their capacity as Trustees for the WWEC Local 863 Pension Plan ("the Trustees") filed this action on July 2, 2015, and Defendant Lue Rea Boone was served on July 31. (Docs. 1, 3). Because Boone did not answer or otherwise defend, the Trustees obtained an entry of default against her on December 30. (Doc. 4). On January 11, 2016,[1] Boone sent a letter explaining her side of the story and requesting that the default be set aside. (Docs. 5, 6). The Court construes this letter as a motion to set aside the entry of default. (*Id.*). The Trustees have moved for default judgment against Boone. (Doc. 7).

Because a default judgment has not yet been entered in this case, "[t]he [C]ourt may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "[T]here is no 'precise formula' for determining whether good cause exists." *Reddish v. City of Albany,* 2013 WL 1901324, at *2 (M.D. Ga.) (quoting *Hinson v. Webster Indus.,* 240 F.R.D. 687,

---

[1] Boone's letter is dated January 8 and was received in the clerk's office and docketed on January 11.

690 (M.D. Ala. 2007)).  Instead, courts consider these nonexclusive factors to determine whether to set aside a default: "(1) whether the default was culpable or willful[,] which entails an assessment of the plausibility of the defaulting party's excuse; (2) whether setting [the default] aside would prejudice the adversary[;] (3) whether the defaulting party presents a meritorious defense[;] and (4) whether the defaulting party acted promptly to correct the default."  *Id.* (internal quotation marks omitted) (quoting *Hinson*, 240 F.R.D. at 690).  The entry of a default judgment is within the discretion of the Court, but judgments by default are not generally favored.  *Holiday Hosp. Franchising, LLC v. Premier NW Inv. Hotels, LLC,* 2013 WL 2319065, at *1 (N.D. Ga.) (citations omitted).

After considering these factors, the Court finds there is good cause to set aside the default.  Boone acted promptly to correct the default by filing her motion twelve days after the entry of default.  (Docs. 5, 6).  She explains that she did not understand that she needed to respond to the complaint after she signed the waiver of service, so the Court finds that the default was not culpable or willful.  (*Id.*).  There is also nothing in the record to suggest the Trustees will suffer prejudice if the Court sets aside the default.  While the Court acknowledges Boone's delayed response, the Trustees have not explained how the lapse in time will result in the loss of pertinent evidence or cause other discovery issues.  *See U.S. v. Trevitt*, 2014 WL 4275724, at *3 (M.D. Ga.) (citing *Burrell v. Henderson,* 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a [party's] claim does not qualify as sufficient prejudice under Rule 55. Instead, [the party] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.")).  Boone also asserts that she believes she is entitled to the money.  (Docs. 5, 6).  This is a meritorious defense.  *See*

*Domineck v. One Stop Auto Shop, Inc.*, 302 F.R.D. 695, 699 (N.D. Ga. 2014) (internal quotation marks and footnote omitted) ("To be clear, a meritorious defense is one that is 'good at law' without reference to the likelihood of success."). Because she acted promptly, the default was not willful, the Trustees will not suffer prejudice, and she presents a meritorious defense, and considering the "strong policy of determining cases on their merits," good cause exists to set the default aside. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015).

Accordingly, Boone's motion to set aside the default is **GRANTED** and the Trustees' motion for default judgment is **DENIED**. (Doc. 7).

**SO ORDERED** this 4th day of April, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT