IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DEWEY CANNELLA, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:15-CV-258 (MTT) |
| LUE REA BOONE, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

The Plaintiffs—Dewey Cannella, Alphonse Rispoli, Jr., Louis Sanchez, Aron Forem, Bruce Vivadelli, and Frank Miraglia, in their capacity as Trustees for the WWEC Local 863 Pension Plan (the "Trustees")—moved for summary judgment on their claims against the Defendant—Lue Rea Boone. Doc. 23. The Trustees assert two counts in their complaint: Count I under ERISA, 29 U.S.C. § 1132(a)(3), (Doc. 1 ¶¶ 22-23); and Count II for conversion under Georgia law (Doc. 1 ¶¶ 24-25). The core of the Trustees' complaint is that Boone continued to accept her late husband's "monthly pension payments in the amount of $3,549.69 for the period March 2013 through December 2014," which were delivered via direct deposit. Doc. 1 ¶ 16.

The Trustees sought summary judgment because "the undisputed evidence, including the testimony [of the] Defendant, shows that she was on notice that she was not entitled to her deceased husband's pension payments, but that she continued to accept that [sic] those payments and convert them to her own use in violation of the terms of the Pension Plan document and Georgia law." Doc. 23-7 at 7. And, "The amount of the pension payments so converted and owing to Plaintiffs is . . . undisputed." *Id*. As an equitable remedy under 29 U.S.C. § 1132(a)(3), the Trustees requested that the Court impose "a constructive trust over the mistaken pension payments to the extent

those funds have not been dissipated, permanently enjoin Defendant from further disposing or transferring any of the funds still in her possession and control, [and] require the return of such funds and a tracing of any portion of the funds no longer in her control." *Id.* at 5. The record does not demonstrate that any of the pension funds remain or that there are any traceable proceeds. *See* Doc. 23-1 ¶¶ 15-17.

Boone, who is pro se, did not file a response.

The Court, having some concerns with the Trustees' motion, scheduled a hearing for April 18, 2017. *See* Doc. 25 (minute sheet). At the hearing, counsel for the Trustees conceded that the Trustees have no meritorious claim for an ERISA remedy on these facts because of the Supreme Court's decision in *Montanile v. Board of Trustees of National Elevator Industry Health Benefit Plan*, 136 S. Ct. 651 (2016). The Trustees, though they have had the opportunity to do so, offer no reason why the ERISA claim should not be dismissed for this reason; accordingly, the ERISA claim is **DISMISSED without prejudice**.

The Trustees' complaint asserts that the Court's sole basis of jurisdiction over their state law conversion claim is supplemental jurisdiction under 28 U.S.C. § 1367. Doc. 1 ¶ 6. In light to the potential dismissal of their ERISA claim, the Court ordered the Trustees to show cause why the Court should continue exercise jurisdiction over the conversion claim. Doc. 26.

> District courts . . . possess the authority to dismiss claims brought under § 1367(a) if:
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

> 28 U.S.C. § 1367(c); *Parker*, 468 F.3d at 743 ("Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."). Once any of these factors is satisfied, the district court possesses the discretion to dismiss supplemental claims and must "weigh . . . at every stage of the litigation," whether to dismiss the supplemental claims. . . . Actually determining whether to dismiss the claims calls for the court to weigh the "host of factors" outlined [prior case law]: "judicial economy, convenience, fairness, and comity." . . .
>
> . . . . "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004) (quotation marks omitted); *see also Estate of Amergi ex. rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1365 (11th Cir. 2010) ("A district court does not abuse its discretion when it has a range of choices and the court's choice does not constitute a clear error of judgment." (quotation marks omitted)).

*Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015).

The Trustees appear to concede that, because they have no viable ERISA claim, the Court has discretion to dismiss their conversion claim under 28 U.S.C. § 1367(c)(3). However, the Trustees offer several arguments in support of their position that the Court should exercise its discretion to retain jurisdiction over the conversion claim.[1] Doc. 27 at 2-3.

First, the Trustees note the advanced stage of the case—"the parties have engaged in full discovery, including the exchange of documents, subpoenas, and [taking Boone's] deposition[,] Plaintiffs have filed a motion for summary judgment[,] and . . . attended a hearing [thereon]." *Id.* at 3. The Court understands that the summary judgment stage is usually considered "advanced" when it comes to the lifecycle of a case. On the other hand, the Trustees do not argue that they would not be able to use

---

[1] Likely due to their position that the conversion claim is not preempted and the lack of any such argument by Boone, the Trustees have not asserted that jurisdiction is proper under 28 U.S.C. § 1332 via the exception to the well-pleaded complaint rule set out in *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004) and related case law. Accordingly, the Court does not consider this question further.

the discovery in a future state action. Moreover, the Trustees have not expended a great deal of resources on their motion for summary judgment on the conversion claim; their supporting memorandum devotes less than three pages to it. Doc. 23-7 at 5-7.

And, contrary to the Trustees' suggestion that maintaining jurisdiction would "support the conservation of judicial energy and avoid [the] multiplicity in litigation . . . [created by] [h]aving a state court rehash issues that have already been argued in federal court" (Doc. 27 at 4 (quotation marks and citations omitted)), the Court has made no decisions relevant to the conversion claim. Indeed, the Court has resolved almost nothing in this case. Other than denying a motion for default judgment against Boone (Doc. 8), the Court's sole substantive involvement in the case has been the status conference regarding the Trustees' summary judgment motion.

Lastly, as counsel for the Trustees acknowledged at the hearing, one reason this issue is coming up later in the case is because the Supreme Court decision that undercut their ERISA claim—*Montanile*—was handed down after this case was filed. Accordingly, though the stage of the case does weigh slightly in favor of the Trustees' position, it is only slightly.

Second, the Trustees argue that "the factor of 'convenience' [would not] be served by dismissing the case and requiring Plaintiffs to start over in state court." Doc. 27 at 4. Other than reintroducing arguments related to the stage of the litigation, the Trustees offer no convenience consideration other than the *lack* of any significant convenience of dismissal to Boone. Accordingly, this consideration is not helpful.

Third, the Trustees assert that the conversion claim is "neither novel [nor] complex." *Id*. This assertion is supported by neither explanation nor argument. The Court disagrees.

Though a run-of-the-mill state tort claim is not usually novel or complex within the meaning of 28 U.S.C. § 1367(c)(1), some tort claims raise novel or complex questions

of state law.[2]  *Ameritox, Ltd.*, 803 F.3d at 532; *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).  The Court has raised some questions about the conversion claim that the Trustees have yet to answer.  *See* Doc. 24.  For example, the Trustees argue that Boone converted Pension Plan funds.  But the Trustees assume that the funds deposited by the Plan into Boone's account were the Plan's funds, *not Boone's*, when Boone took any action regarding them.  "[T]he presumption [is] that one in possession of money has title to it[;] [T]hus [one must overcome this presumption to] . . . establish the first element of the prima facie case for conversion, i.e., that plaintiff has title to the allegedly converted property."  *Tidwell v. Wedgestone Financial (In re Hercules Auto. Prod., Inc.)*, 245 B.R. 903, 912 (Bankr. M.D. Ga. 1999).  The Trustees have yet to recognize this difficulty or make any appropriate argument.

Of course, it appears that the funds should not have been disbursed under the Plan documents and that Boone had some notice of this, so the Trustees might have retained some rights in the funds.  *Id.*  But the Trustees have neither made nor supported this argument.  Moreover, the Trustees have not considered whether Georgia courts would allow a legal remedy in such circumstances.  These matters are best left to Georgia courts.  *Cf. Ameritox, Ltd.*, 803 F.3d at 533 (noting that the question of whether violation of "Stark Law and the anti-kickback statute" could demonstrate "unfair, deceptive, or unconscionable business practices" for purposes of state law claims was a novel and complex state law question).  This factor weighs heavily in favor of declining the exercise of jurisdiction.

In conclusion, the Court, as noted above, **DISMISSES** the ERISA claim **without prejudice**.  Absent the ERISA claim, the Court has discretion whether to retain the conversion claim and, on balance, declines to do so.  The Trustees' complaint is accordingly **DISMISSED without prejudice**.

---

[2]  The comity considerations represented by the 28 U.S.C. § 1367(c)(1) inquiry should be considered regardless of the subsection(s) of § 1367(c) upon which the Court relies.

**SO ORDERED** this 5th day of July, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT